United States District Court
For the District of Nebraska

UNITED STATES OF AMERICA,

        Plaintiff

v.

RAFAEL FELIX VELASQUEZ,
a/k/a RAFAEL FELIX VALENZUELA,
a/k/a PACHUCKO,
        Defendant

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On
or After November 1, 1987)

**Case Number** 4:98CR3006-01

Jon S. Natvig
**Defendant's Attorney**

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
00 MAR 10 PM 1:44
GARY D. McFARLAND
CLERK

THE DEFENDANT:

[X]  pleaded guilty to count I of indictment.
[]   pleaded nolo contendere to count(s) , which was accepted by the court
[]   was found guilty on count(s) after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count, which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 21:846 | Conspiracy to distribute Methamphetamine | November 1994 and July 1997 | I |

[x]  On motion of the government count II and III of the indictment are dismissed.

The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

**Defendant's Soc. Sec. Number:**
None

**Defendant's Date of Birth:**
03/03/1976

**Defendant's USM No:**
15848-047

**Defendant's Residence Address:**
Dawson County Jail
308 N. Grant
Lexington, NE 68801

**Defendant's Mailing Address:**
1414 St. Paul Road, #47
Grand Island, NE 68801

March 9, 2000
Date of Imposition of Sentence

Signature of Judicial Officer
RICHARD G. KOPF CHIEF U.S DISTRICT JUDGE
Name & Title of Judicial Officer

~~January~~ 10th 2000.
Date

R GF March

Defendant: Rafael Felix Velasquez                Judgment-Page 2 of 7
Case Number: 4:98CR3006-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ninty-nine (99) months.

[x]   The Court makes the following recommendation(s) to the Bureau of Prisons:
    [x]   The defendant be confined in a facility close to Arizona or California so his relatives can visit.

[x]   The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, 20_____.

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, 20_____ to _____ with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By: _____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, 20_____.

_____
UNITED STATES WARDEN

By: _____

35

Defendant: Rafael Felix Velasquez                                Judgment-Page 3 of 7
Case Number: 4:98CR3006-01

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page.) If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The requirement of 18 U.S.C. 3563(a)(5) regarding drug testing, that is, testing within fifteen (15) days of release on probation and two (2) periodic drug tests thereafter, is suspended until further order of the court because it appears the defendant will be deported.

1. The defendant shall comply with all the rules and regulations of the Immigration and Naturalization Service and, if deported, shall not reenter the United States or reside therein without the express, written permission of the Attorney General of the United States or such attorney's designee.

2. Paragraph #8 of the Standard Conditions of Supervision is modified. Instead of merely refraining from excessive use of alcohol, the defendant shall not purchase or possess, use, distribute, or administer any alcohol, just the same as any other narcotic or controlled substance.

3. Defendant shall be subject to search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the United States Probation Officer to determine the presence of alcohol and/or controlled substances, firearms, or any other contraband. Any such items found may be seized by the United States Probation Officer. This condition may be invoked with or without the cooperation of law enforcement officers.

4. The defendant shall attend, pay for, and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the United States Probation Officer.

5. Defendant shall provide the United States Probation Officer with access to any requested financial information.

6. Defendant shall report to the United States Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 100 Centennial Mall North, 530 U.S. Courthouse, Lincoln, NE,(402) 437-5223, within seventy-two (72) hours upon his release from confinement. If the defendant reenters the United States after deportation, he shall report to the U.S. Probation Office within 72 hours.

Defendant: Rafael Felix Velasquez                           Judgment-Page 4 of 7
Case Number: 4:98CR3006-01

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) the defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered or other places as specified by the court;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of the risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirements;

Defendant: Rafael Felix Velasquez  Judgment-Page 5 of 7
Case Number: 4:98CR3006-01

## STANDARD CONDITIONS OF SUPERVISION - CONTINUED

15) the defendant shall not own, possess or control any firearms or ammunition, destructive devices or dangerous weapons;
16) the defendant shall pay any special assessment, fine, or restitution obligation imposed by this judgment that remains unpaid at the commencement of the term of probation or supervised release in accordance with the payment schedule of criminal monetary penalties set forth in this judgment; and
17) the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

These conditions are in addition to any other conditions imposed by this Judgment.

### CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|          | **Assessment** | **Fine** | **Restitution** |
|----------|----------------|----------|-----------------|
| Totals:  | $100.00        | $        | $               |

### SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

(X) in full immediately

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, P.O. Box 83468, Lincoln, NE 68508.

**Special instructions regarding the payment of criminal monetary penalties:**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

35

Defendant: Rafael Felix Velasquez                           Judgment-Page 6 of 7
Case Number: 4:98CR3006-01

## STATEMENT OF REASONS FOR SENTENCE

The Presentence Investigation Report has been prepared and submitted to the parties and to the Court. The Court has reviewed the report and now adopts the report and the facts set forth therein as its findings of fact for the purposes of sentencing, except that the government concedes, and the Court finds, that the defendant is entitled to the safety valve. The Court determines that the applicable guidelines after application of the safety valve are:

| | |
|---|---|
| **Total Offense Level:** | 29 |
| **Criminal History Category:** | I |
| **Imprisonment Range:** | 87 - 108 months |
| **Supervised Release Range:** | 3 - 5 years |
| **Fine Range:** | $15,000 to $4,000,000 |
| **Restitution:** | Community Restitution |
| **Special Assessment:** | $100.00 |
| **Probation:** | Not authorized |

The defendant and his counsel advised the Court there was no reason not to proceed with the sentencing at this time. Accordingly, both the defendant and his attorney and the government were given an opportunity for allocution.

    [X]  Fine is waived because of the defendant's inability to pay.

    [X]  The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

Defendant: Rafael Felix Velasquez                    Judgment-Page 7 of 7
Case Number: 4:98CR3006-01

The Court has imposed this sentence to reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, and to afford deterrence.

Following the imposition of sentence, the Court advised the defendant of his right to appeal pursuant to the provisions of Fed. R. Crim. P. 32(a)(2) and the provisions of 18 U.S.C. § 3742(a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

CLERK'S OFFICE USE ONLY:

I certify this to be a true copy of the record in my custody.

GARY D. MCFARLAND, CLERK

By _____                                  35